IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| LETICIA R. COUTTIEN, | : | BANKRUPTCY NO.: 5-14-bk-02262-JJT |
| DEBTOR | : | |
| TERRENCE A. COLBERT and HAL H. HARRIS, | : | {**Nature of Proceeding**: Motion to Dismiss Second Amended Complaint (Doc. #34)} |
| PLAINTIFFS | : | |
| vs. | : | |
| LETICIA R. COUTTIEN, | : | |
| DEFENDANT | : | **ADVERSARY NO.: 5-14-ap-00269-JJT** |

# OPINION

Pending is a third Motion to Dismiss filed by the Debtor, Leticia Couttien, to the third Complaint objecting to discharge/dischargeability filed by the pro se Plaintiffs, Terrence A. Colbert and Hal H. Harris. More specifically, the Motion is directed to Counts I, IV, and V. The Complaints have been inarticulate, at best, and bespeak of only a vague understanding of the issues at play when litigating discharge/dischargeability allegations. I capsulize the allegations in the following manner: Some or all of the parties were alleged to have both a professional and personal relationship during which the ownership and entitlement to both real estate and a business operation became the subject of a dispute. State Court litigation resulted in stipulations that were allegedly breached. Debtor is accused of filing false bankruptcy documents. Debtor is accused of stealing property of the Plaintiff(s).

Count I of the Complaint suggests that the purported facts make the Debtor's obligations

to the Plaintiffs nondischargeable under 11 U.S.C. § 523(a)(19) (illegal securities transactions). Because there are no allegations of securities fraud, the Motion to Dismiss Count I will be granted.

With regard to Count IV, an allegation was made that the schedules filed by the Debtor were false which could result in the refusal by the Court to issue discharge under § 727(a)(4). The Motion to Dismiss Count IV will be denied.

Count V alleges that the Debtor falsely misled a creditor to the detriment of Plaintiffs, which allegation, if proven, could result in a finding of nondischargeability under § 523(a)(2). In the context of this being a pro se filing and liberally construed, I will find it sufficient to survive a Motion to Dismiss.

While the remaining Counts were not the subject of the Brief in support of the Motion to Dismiss, I would be remiss if I did not comment that Counts III and VI appear to be subsumed in Count II.

My Order will follow.

By the Court,

Date: July 6, 2016

John J. Thomas, Bankruptcy Judge
(CMS)

[K:\Cathy\Opinions-Orders filed 2016\5-14-ap-00269-JJT_Couttien.pdf]