IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>LETICIA R. COUTTIEN<br><br>                   Debtor<br>TERRENCE A. COLBERT AND<br>HAL H. HARRIS<br><br>                   Plaintiffs<br><br>v.<br><br>LETICIA R. COUTTIEN<br><br>                   Defendant | Chapter        7<br><br>Case Number:    5-14-bk-02262-JJT<br><br><br><br><br><br>Nature of Proceeding:  Plaintiffs' Motion for Reconsideration (Doc. #52)<br><br>**Adversary Number: 5-14-ap-00269-JJT** |

# OPINION

     Pro se Plaintiffs, Terrence Colbert and Hal Harris, have filed a Motion to Reconsider an earlier ruling of this Court declining to strike affirmative defenses. Federal Rule of Bankruptcy Procedure 9023 is generally not applicable to interlocutory orders of this Court. 1 Bankruptcy Litigation § 5:259. Nevertheless, I certainly have powers to modify my own interlocutory orders under § 105.

     Plaintiffs have essentially advanced the same argument used in the original Motion to Strike but this time have specifically relied on the *Twombley, Iqbal*[1] line of authority in insisting that the affirmative defenses allege insufficient facts to survive a challenge. *Twombley/Iqbal* requires that allegations in a complaint must be sufficient to demonstrate that a claim is plausible. Courts throughout the nation are split as to whether this standard applies to

---

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

affirmative defenses. This is substantially based on the fact that Rule 8(a) of the Federal Rules of Civil Procedure[2] requires that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief" while Rule 8(c), applicable to affirmative defenses, merely requires a statement of the defense. While courts differ, the lower courts of the Third Circuit appear to support the proposition that the *Twombley/Iqbal* standards do not apply to affirmative defenses.[3] Nevertheless, a convincing argument could be made that the *Twombley* standard should be applicable to allegations of fraud, as we have here, pursuant to Rule 9 of the Federal Rules of Civil Procedure.[4] However, the responses to the Complaint in the Answer assert the basis of those allegations concerning fraud so as to allow the affirmative defense of fraud to stand on its own without further elaboration.

Apart from citations to *Twombly* and *Iqbal*, the Motion to Reconsider simply restates those arguments raised in Plaintiffs' earlier Motion to Strike. In light of the fact that the parties will have opportunities to reassert their argument in a motion to reconsider and/or an appeal after final judgment, I consider a review of my earlier disposition a waste of judicial resources.

In their Motion to Reconsider, the Plaintiffs have asked that "if this court denies the instant motion, [the court grant] Plaintiffs leave to file an appeal of this Court's September 2"d [sic], 2016 Order, while discovery continues." Doc #52.

Consideration of this request begins with 28 U.S.C. § 158(a)(2) and (3), which reads in

---

[2] Applicable to bankruptcy cases by Federal Rule of Bankruptcy Procedure 7008.

[3] *Collura v. Ford*, 303 F.R.D. 57 (E.D. Pa. 2014); *Signature Bank v. Check-X-Change, LLC*, 2013 WL 3286154 (D.N.J. 2013); *Malibu Media, LLC v. Does 1*, 2013 WL 1702549 (E.D. Pa. 2013); *Tyco Fire Products LP v. Victaulic Co.*, 777 F. Supp. 2d 893 (E.D. Pa. 2011); *F.T.C. v. Hope Now Modifications, LLC*, 2011 WL 883202 (D.N.J. 2011); *Romantine v. CH2M Hill Engineers, Inc.*, 2009 WL 3417469, *1 (W.D. Pa. 2009).

[4] Made applicable by Federal Rule of Bankruptcy Procedure 7009.

its entirety as follows.

> (a) The district courts of the United States shall have jurisdiction to hear appeals
> . . .
> (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and
> (3) with leave of the court, from other interlocutory orders and decrees;
> and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

28 U.S.C. § 158 provides for two ways to appeal an interlocutory order. A direct appeal of an interlocutory order under 28 U.S.C. § 158(a)(2), and the second mechanism is to seek leave to appeal with the request being made to the district court as set forth in 28 U.S.C. § 158(a)(3). Further, appeals from interlocutory orders are permitted only with leave from the appellate court. See the Legislative History to 28 U.S.C. § 158. It is the district court acting as an appellate court that will determine whether to allow an interlocutory appeal. See *Matter of Magic Restaurants, Inc.*, 202 B.R. 24 (D.Del. 1996) and *In re AE Liquidation, Inc.*, 451 B.R. 343 (D.Del. 2011).

Finally, the Court directs Plaintiffs' attention to Federal Rule of Bankruptcy Procedure 8004 which sets forth the procedure for filing a request for an interlocutory appeal and the processing of said appeal by the Clerk's Office.

Pursuant to Federal Rules of Bankruptcy Procedure 8004, I will direct the Clerk to forward the Motion to Reconsider and this disposition to the District Court so that it may consider Plaintiffs request for leave to appeal the interlocutory order.

My Order will follow.

By the Court,

John J. Thomas, Bankruptcy Judge
(CMS)

Date: November 18, 2016